### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBIN COOPER and DARNEISHA SMITH, individually and on behalf of similarly situated individuals,<br><br>              Plaintiffs,<br><br>    v.<br><br>HID GLOBAL CORPORATION, a Delaware corporation,<br><br>              Defendant. | Case No. 22-7058 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant HID Global Corporation ("HID") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

### I.    THE STATE COURT ACTION

On November 14, 2022, Plaintiffs Robin Cooper and Darneisha Smith ("Plaintiffs") commenced this action in the Circuit Court of Cook County, titled *Robin Cooper v. HID Global Corporation*, Case. No. 2022-CH-11116. Copies of the summons and complaint were served on HID on November 16, 2022. *See* Exhibit 1 (service of process transmittal); Exhibit 2 (summons); Exhibit 3 (class action complaint). Plaintiffs also filed a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery. *See* Exhibit 4 (Motion). No other "process, pleadings, [or] orders" have been served upon HID in the Circuit Court of Cook County. 28 U.S.C. § 1446(a).

The Complaint alleges that HID "captur[ed], collect[ed], and stor[ed]" Plaintiffs' biometric identifiers and information, "failed to provide any written disclosures describing its purpose for using" Plaintiffs' biometric identifiers and information, and "failed to obtain" Plaintiffs' consent prior to "disclos[ing] and/or disseminat[ing]" their biometric identifiers and information. Ex. 3 ¶¶

30-31, 38-39. Based on these and other allegations, Plaintiffs assert one claim for the violation of subsections 14/15(b) and 14/15(d) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1. *See* Ex. 3 ¶¶ 50-60.

Plaintiffs also seek to represent a proposed class of "[a]ll individuals whose biometric identifiers or biometric information were captured, collected, received through trade, otherwise obtained, used, transmitted, and/or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period," *id*. ¶ 42, and allege that the class is "so numerous that joinder of all members is impractical," *id*. ¶ 44, and that "there are at least hundreds of members of the Class," *id*. ¶ 44. Among other relief, Plaintiffs seek on behalf of themselves and every class member: (1) declaratory relief, (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (5) pre- and post-judgement interest. *Id.* at 12-13.

## II. GROUNDS FOR REMOVAL

**A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

**1. This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiffs seek to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 3 ¶ 42, which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Moreover, Plaintiffs allege that HID "provides its client employers with biometric-enabled timekeeping hardware, such as fingerprint scanners, which are linked to" its servers and which Plaintiffs contend collect biometric data.[1] Ex. 3 ¶¶ 20-25. Plaintiffs purport to bring this action on behalf of "[a]ll individuals whose biometric identifiers or biometric information were captured, collected, received through trade, otherwise obtained, used, transmitted, and/or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period," *id.* ¶ 42, and allege that the class is "so numerous that joinder of all members is impractical," *id.* ¶ 44, and that "there are at least hundreds of members of the Class," *id.* ¶ 44.

---

[1] Evidence will show that HID does not in fact collect biometric identifiers or biometric information through these devices. The devices at issue are simply finger scanners that integrate with timeclock, point of sale and other systems. Defendant does not provide its clients with any timekeeping hardware and Defendant does not collect any data or back up any client data on its servers. But for purposes of removal the Court must accept the allegations in the complaint as true. *See Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) ("[T]he court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint."); 77 C.J.S. Removal of Cases § 4 ("For purposes of determining removability, the allegations of the petition or complaint must be taken as true, and at their face value.").

Additionally, Plaintiffs allege that they worked at two different locations of Hooters, a restaurant chain, *id.* ¶¶ 26, 34, and that "Hooters use[d] biometric capture technology provided and serviced by Defendant HID to monitor and track its employees' . . . time on the job," *id.* ¶¶ 27, 35. In 2019, the Hooters restaurant chain reached a settlement to resolve allegations that its Illinois restaurant locations had violated BIPA. *See Hernandez v. Hooters, Inc.*, No. 17 CH 13593, Final Order and Judgment (Cook. Cnty. Oct. 31, 2019) (Exhibit 5); *see also Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763-64 (finding removal proper after "comparing this case with a Virginia federal district court case that makes similar allegations against SCI and has an identical proposed class definition"); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("Defendants may introduce their own affidavits, declarations, or other documentation [to support removal.]"). In the final order and judgment, the *Hernandez* Court certified a Settlement Class of "no more than 4,209 persons who worked or work at any [of] the Original Hooters restaurants in the Illinois Counties of Cook, Kane, Will, DuPage, McHenry, and Lake, and who used the timekeeping technology from October 10, 2012, through the date of entry of the Final Approval Order[.]" Ex. 5 at ¶ 7. Here, Plaintiffs purport to allege a class that is not just limited to employees of Hooters. Ex. 3, ¶ 42.[2] Thus, Plaintiffs' putative class here will be similar to, if not greater than, the size of the Settlement Class in *Hernandez*. *See* 28 U.S.C. § 1446(a) (requiring defendants' notice of removal to only "contain[] a short and plain statement of the grounds for removal").

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

### 2. The amount in controversy exceeds $5,000,000.

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each

---

[2] HID reserves its right to argue that a recovery by the Settlement Class in the *Hernandez* case from HID in this case would be an impermissible double recovery.

violation." *See* 740 ILCS 14/20. Because the proposed class may be comprised of more than 1,000 individuals, *see* Ex. 5 ¶ 7; *supra* Section II.A.1, and because Plaintiffs present as a common question "[w]hether the [alleged] violations of BIPA were committed intentionally and/or recklessly," Ex. 3 ¶ 46.g, and seek to recover "statutory damages of $5,000 for each willful and/or reckless violation of BIPA," *id*. ¶ 58, the amount in controversy in this case exceeds the threshold requirement of $5,000,000. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"). The amount in controversy is sufficient for removal purposes under CAFA.

        **3.**      **The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiffs are citizens of Illinois, while HID is a citizen of only the states of Delaware and Texas. Ex. 3 ¶¶ 15-17 (alleging that HID is incorporated under the laws of Delaware and has its principal place of business in Austin, Texas); 28 U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse under CAFA.

**B.**      **None of CAFA's exceptions bars removal in this case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, HID, is a citizen of Delaware and Texas and is not a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. 3 ¶¶ 67-94 (asserting BIPA claims).

**C.    Venue is Proper.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

**D.    HID has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the Summons and Complaint were served on HID on November 16, 2022, *see* Exs. 1-3, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As

159314282.2

required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon HID are being filed herewith as Exhibits 1 through 3.

Pursuant to 28 U.S.C. § 1446(d), HID will promptly serve on Plaintiffs and file with the Cook County Court a "Notice to Adverse Party of Removal to Federal Court," and will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of HID's rights or defenses. To the contrary, HID expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

### IV. CONCLUSION

In light of the forgoing, HID respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. In addition, HID further requests whatever other relief the Court deems appropriate.

-8-

Dated:  December 14, 2022 **PERKINS COIE LLP**

By: */s/* Debra R. Bernard
Debra R. Bernard (ARDC No. 6191217)
DBernard@perkinscoie.com

Attorney for Defendant
HID Global Corporation


Debra R. Bernard (ARDC No. 6191217)
Calvin Cohen (ARDC No. 6334780)
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606-1511
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com
CCohen@perkinscoie.com
Firm ID: 39225

159314282.2

## CERTIFICATE OF SERVICE

I hereby certify that, on December 14, 2022, a copy of the foregoing **NOTICE OF REMOVAL** was served via email on the following attorneys of record:

David L. Gerbie
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com
Firm ID: 56618

Attorneys for Plaintiffs

/s/ Debra R. Bernard

.

159314282.2